UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TRACY BARBER,**

    **Plaintiff,**

v.                                                                                  **Case No: 5:16-cv-139-Oc-37PRL**

**FEDERAL BUREAU OF
INVESTIGATION, STATE OF
FLORIDA and KRISTEN CLARK**

    **Defendants.**

**REPORT AND RECOMMENDATION**[1]

Before the Court is *pro se* Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 9). On March 17, 2016, Plaintiff filed this action (Doc. 1). The Court subsequently directed Plaintiff to amend the deficient complaint and either pay the filing fee or move to proceed *in forma pauperis*. (Doc. 4). Plaintiff then filed an amended complaint and the instant motion. (Docs. 8, 9).

In the amended complaint (Doc. 8), Plaintiff sought to proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 against the Federal Bureau of Investigations (the "FBI"), State of Florida, and Kristen Clark (Plaintiff represented that Clark is the Chief of the "Division of Social Justice Civil Rights Bureau"). (Doc. 8). Plaintiff alleged that Defendants violated various federal statutes. After

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

reviewing the amended complaint, I deferred ruling on the motion and afforded Plaintiff an opportunity to file a Second Amended Complaint because the claims set forth in the amended complaint were deficient. (Doc. 10).

Now, Plaintiff has filed a Second Amended Complaint, in which he dismisses Kristen Clark as a Defendant in this case. (Doc 11). However, as set forth below, I find again that the claims are deficient and, accordingly, recommend that the motion (Doc. 9) be denied and that the Second Amended Complaint be dismissed (Doc. 11).

## I. LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order

to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In

applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

In a lawsuit against a federal employee for a constitutional violation, it is well established that government agents are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When considering a plaintiff's claim against a government actor in his or her individual capacity, the Court generally first determines whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. To state a plausible claim for relief, the facts alleged by the Plaintiff must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Indeed, there is no vicarious liability for

constitutional claims against individual government actors: "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

## II. DISCUSSION

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Upon review, Plaintiff's Second Amended Complaint is deficient. (Doc. 11).

Similar to the amended complaint (Doc. 8) and the original complaint (Doc. 1), Plaintiff's Second Amended Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff's factual narrative is not a short and plain statement of his claims, as required by Rule 8, Fed. R. Civ. P.,[2] nor is it presented in numbered paragraphs that are limited to a single set of circumstances, as required by Rule 10, Fed. R. Civ. P.[3]

First, the Second Amended Complaint apparently notes another cause of action that Plaintiff filed with this Court against the State of Florida (*Barber v. State of Florida*, Case No. 5:16-cv-00344-JSM-PRL), which was dismissed on July 20, 2016 (see Doc. 4 in that case). Then, it sets forth what appears to be an allegation that the FBI commits fraud and other offenses. It further describes that the Department of Justice prosecutes fraud and identity theft cases (Doc. 11, p. 2), and concludes that a "U.S. Department of Justice certification of identity" was given to the Clerk of Court, but Plaintiff was unable to complete it due to accessibility and security. (Doc. 11,

---

[2] Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
[3] Under Rule 10(b), a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

p. 3). In sum, the Second Amended Complaint—like the amended complaint (Doc. 8)—lacks even a simple narrative explaining what allegedly happened to Plaintiff. (Doc. 11).

Additionally, though the Second Amended Complaint is silent on this issue, the Court assumes that Plaintiff still intends to proceed under *Bivens* and § 1983. "*Bivens* provides a cause of action for constitutional violations against federal officials while § 1983 provides a parallel cause of action against state and local officials." *Milakovich v. USCIS-Orlando*, No. 6:11-CV-1244-ORL-31, 2012 WL 1890638, at *7 (M.D. Fla. Mar. 13, 2012), *report and recommendation adopted,* No. 6:11-CV-1244-ORL-31, 2012 WL 1890510 (M.D. Fla. May 23, 2012), *aff'd,* 500 F. App'x 873 (11th Cir. 2012).

As previously noted (Doc. 10, p. 6), the State of Florida is immune from suit in federal court. Indeed, it is well settled that Florida has not waived its immunity from suit in federal court for § 1983 claims, and that § 1983 is *not* an abrogation of sovereign immunity by Congress. *See Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Also previously noted (Doc. 10, p. 6), it is unclear to what extent—if any—that Plaintiff can proceed against the FBI under *Bivens*. *See Nordell v. Montgomery Alabama Police Dep't*, No. 2:07CV1007-MHT, 2008 WL 622043, at *7 (M.D. Ala. Mar. 4, 2008).

### III.   RECOMMENDATION

Upon due consideration, it is **RECOMMENDED** that the motion to proceed *in forma pauperis* (Doc. 9) be **DENIED** and that the Second Amended Complaint (Doc. 11) be **DISMISSED**.

**DONE** and **ORDERED** in Ocala, Florida on July 5, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties